STATE OF NORTH CAROLINA v. JERRY MILTON CREWS
AND DEBORAH LEIGH PARRISH

No. 7421SC294

(Filed 19 June 1974)

1. Narcotics § 3; Searches and Seizures § 1— warrantless seizure of bottle
of amphetamines — admissibility of evidence

    In a prosecution for possession of amphetamines the trial court
did not err in allowing into evidence a bottle of pills seized without
a warrant from defendant's closet shelf where officers were in defend-
ant's apartment to serve a capias on him and the bottle of pills was
visible to the officers before defendant entered the closet and turned
on the light.

2. Searches and Seizures § 3— bottle of amphetamines in plain view —
probable cause for issuance of search warrant

    Where officers lawfully but without a warrant seized a bottle
of amphetamines from defendant's apartment, probable cause existed
for the issuance of a warrant to search the apartment, and a box of
several thousand pills found pursuant to the warrant was properly
admitted into evidence.

APPEAL from *Wood, Judge,* 27 August 1973 Session of
FORSYTH County Superior Court. Argued in Court of Appeals
6 May 1974.

Defendants were charged with possession of amphetamines,
and their cases were consolidated. After a jury was empanelled,
each defendant entered a plea of not guilty and moved to sup-
press the evidence seized from their apartment.

On voir dire, the State presented evidence tending to show
that they went to the apartment of Jerry Milton Crews to serve
a capias on him for failure to appear in court. The officers
rang the doorbell and knocked on the door. The door was an-
swered by a Miss Beverly Wall who informed the officers that
Crews was in a bedroom in the rear of the apartment. The offi-
cers proceeded to the bedroom, entered the room, turned on a
light, and informed the occupants of the room that they had a
capias for Jerry Milton Crews. The occupants of the room—de-
fendants Crews and Parrish—were in bed, and the police officers

informed Crews that he must accompany them to the police station. Crews got out of bed and put on a pair of shorts which was lying on the floor next to the bed. Crews headed toward the bedroom closet, the door to which was open, and as one of the officers looked in that direction, he spotted a brown tinted bottle containing a large quantity of pills.

Crews entered the closet and turned on the light. Officer Spillman followed him and took the bottle from the shelf. Both officers had been trained in drug identification, and both were of the opinion that the pills contained amphetamines.

The officers took defendant Crews to the police station, and they also took the bottle of pills. The narcotics agent who made preliminary tests on the pills determined that they were amphetamines. Officer Spillman thereupon obtained an arrest warrant for possession of amphetamines and a warrant to search the apartment for other narcotics. The officers returned to the apartment and seized a cardboard box containing several thousand pills similar to those in the brown bottle. These pills were found in a box under the bed previously occupied by defendants.

The evidence thus seized was admitted over defendants' objection, and the jury returned a verdict of guilty as charged as to both defendants. From the entry and signing of judgment, defendants appealed.

*Attorney General Morgan, by Assistant Attorney General Matthis, for the State.*

*Roberts, Frye and Booth, by Leslie G. Frye and Gary W. Williard, for defendant appellants.*

MORRIS, Judge.

Defendants assign error to the introduction of the pills seized before defendant Crews was taken to the police station and the pills seized pursuant to the search warrant obtained on the basis of the first seizure. We hold that the trial court's findings of fact on voir dire were based on competent evidence, the conclusions of law were supported by the findings and the admission of the evidence was proper.

On voir dire, the facts concerning the seizure of the brown bottle of pills were contested. The principal feature of the evidence relied upon by defendants is Crews' testimony that the officer opened the closet door and with the use of his flashlight

State v. Crews

saw a bottle on a shelf. The officer thereupon reached up to get the bottle from the shelf. The officers, on the other hand, testified that the closet door was open when they entered the room, and they followed Crews into the closet at which time he turned on the light. Officer Spillman testified that he was able to see the bottle on the shelf before he or defendant Crews entered the closet.

[1] It is completely obvious that the court's findings are supported by the testimony of both officers. Findings of fact made on voir dire are conclusive on appellate courts when supported by competent evidence. *State v. McVay* and *State v. Simmons,* 277 N.C. 410, 177 S.E. 2d 874 (1970). The officers were on the premises legally, the bottle was fully disclosed and open to eye and hand, and no search was required for its seizure. The warrantless seizure was, therefore, permissible under the "plain view". doctrine. *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706 (1972) ; *State v. Virgil,* 276 N.C. 217, 172 S.E. 2d 28 (1970).

[2] Inasmuch as the seizure of the brown bottle was valid, there can be do doubt that probable cause existed for the issuance of the search warrant under which the box of amphetamines was seized. The assignment of error to the admission of this evidence is overruled.

Defendants assign error to the trial court's instructions to the jury on the ground that it failed to define and apply the law to the evidence. We have carefully reviewed the charge, and we hold that, construed as a whole, it fairly and adequately explains the law. There is no merit to the assignment of error based on the court's failure to give equal stress to defendants' evidence. It is incumbent upon the court only to give a clear instruction applying the law to the evidence and the positions of the parties as to the essential features of the case.

Defendants have presented multiple assignments of error based on literally hundreds of exceptions. We have reviewed each of defendants' contentions, and we find that they present no significant or novel questions of law that merit our further discussion.

No error.

Judges CAMPBELL and VAUGHN concur.